NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GREGORY N. LEONARD,

Plaintiff-Appellant,

v.

E.K. McDANIEL, Warden; et al.,

Defendants-Appellees.

No. 17-15548

D.C. No. 3:15-cv-00031-RCJ-WGC

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted May 15, 2018**

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

Gregory N. Leonard, a Nevada state prisoner, appeals pro se from the district

court's judgment dismissing for failure to exhaust administrative remedies his 42

U.S.C. § 1983 action alleging constitutional claims relating to the heating in his

cell.  We have jurisdiction under 28 U.S.C. § 1291.  We review for clear error the

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

district court's factual findings relevant to its exhaustion determination, and review de novo the district court's legal rulings on exhaustion. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). We affirm.

The district court did not commit clear error by finding, following an evidentiary hearing, that Leonard's administrative remedies were not effectively unavailable, and that Leonard failed to exhaust administrative remedies on his § 1983 claim concerning his cell's heating. *See Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002) ("[I]f the district court's findings are plausible in light of the record viewed in its entirety, the appellate court cannot reverse even if it is convinced it would have found differently."); *see also Ross v. Blake*, 136 S. Ct. 1850, 1854-55, 1858-60 (2016) (explaining that an inmate must exhaust "such administrative remedies as are available" before bringing suit, and describing limited circumstances under which administrative remedies are effectively unavailable).

The district court did not abuse its discretion by excluding two of Leonard's proposed witnesses because they did not have personal knowledge relating to the relevant grievance filed by Leonard. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008) (standard of review).

**AFFIRMED.**